**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-4348**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

NATHANIEL FRANK DAVIS,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (7:08-cr-00081-BR-1)

---

Submitted:  April 22, 2010                    Decided:  May 21, 2010

---

Before TRAXLER, Chief Judge, and GREGORY and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Frank Davis appeals the 188-month sentence imposed by the district court after Davis pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a) (2006). On appeal, Davis argues that the district court committed procedural error by failing to address his contention that his severe and long-standing drug addiction and need for effective treatment required a sentence below the career offender guideline range. Davis also argues that the district court placed too much emphasis on his criminal history when rendering the sentence. We affirm.

We review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). Procedural errors include "failing to consider the § 3553(a) factors" and "failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. The district court must make an individualized assessment based on the facts presented by applying the relevant § 3553(a) factors to the circumstances of the case. Id.

While the district court need not "robotically tick through § 3553(a)'s every subsection," particularly when

2

imposing a within-guidelines sentence, United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), the district judge "'should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). In cases where, as here, the district court imposes a within-guidelines sentence, the district court may "provide a less extensive . . . explanation." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009). However, the explanation must still be sufficient to allow for "meaningful appellate review" such that we need "not guess at the district court's rationale." Carter, 564 F.3d at 329-30.

We recently addressed the appropriate standards of appellate review for the sort of procedural error that Davis alleges here. United States v. Lynn, 592 F.3d 572 (4th Cir. 2010). In Lynn, we held that a procedural sentencing objection raised for the first time on appeal is reviewed for plain error. Id. at 575 On the other hand, when a party lodges a procedural objection in the district court, we review the claim for abuse of discretion. Id.

The manner in which a party may preserve a claim of procedural error in the district court is governed by Fed. R.

3

Crim. P. 51(b), which provides that "[a] party may preserve a claim of error by informing the court — when the court ruling or order is made or sought — of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." "By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves it claim." Lynn, 592 F.3d at 578. A party may do this through either its written papers or its in-court arguments prior to the district court's imposition of sentence. See id. at 583-84.

A review of the record lead us to conclude that Davis preserved his objection by arguing for a sentence below the guideline range before the district court imposed sentence. Thus, we review the district court's consideration of Davis's argument and the sufficiency of its explanation of the chosen sentence for abuse of discretion.

We conclude that the district court did not abuse its discretion in sentencing Davis. The court explained that it imposed a sentence at the high end of the sentencing range in light of Davis's extensive criminal record and poor performance on supervised release, and the need to protect the public. This explanation satisfies the requirements of § 3553 and Gall. The

4

district court's denial of the Government's motion for an upward departure, the fact it ordered a reduced fine, and its recommendation that Davis receive substance abuse treatment at FCI Butner, all measures requested by Davis, reflect the court's earnest consideration of his drug problems.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED